UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


TIMOTHY MEL ABUIZ,                  :     CIVIL NO. **4:06-CV-01603**
                                    :
            Plaintiff               :     (Judge McClure)
                                    :
       v.                           :     (Magistrate Judge Smyser)
                                    :
WILLIAM BRENNAN,                    :
NICHOLAS CONIGLIARO,                :
SUSQUEHANNA COUNTY CORRECTIONAL :
FACILITY and                        :
SUSQUEHANNA COUNTY,                 :
                                    :
            Defendants              :


## REPORT AND RECOMMENDATION


I. Background and Procedural History.


        The plaintiff, a prisoner proceeding *pro se*, commenced

this 42 U.S.C. § 1983 action by filing a complaint on August

16, 2006.  On September 22, 2006, the plaintiff filed an

amended complaint.  On June 22, 2007, the plaintiff filed a

second amended complaint.

Although the plaintiff is currently in custody at a correctional facility in New York State, his claims concern events that happened at the Susquehanna County Correctional Facility (SCCF) and conditions to which he was subjected while he was in custody there.  The second amended complaint names as defendants: William Brennan, the Warden of the SCCF; Nicholas Conigliaro, the Deputy Warden of the SCCF; the SCCF; and Susquehanna County.  The plaintiff claims that his constitutional rights were violated due to: 1) the conditions to which he was subjected in his cell; 2) the failure of the defendants to provide him with his legal mail; 3) his segregation from the general prison population, along with other minority prisoners, based on race; and 4) the inadequate law library at the SCCF and a policy of the county public defender's office of not providing clients with copies of their criminal files.

On January 22, 2008, the defendants filed an answer to the second amended complaint.

The discovery period has closed.

2

On July 3, 2008, the defendants filed a motion for summary judgment.  On July 14, 2008, the defendants filed a L.R. 56.1 Statement of Undisputed Facts, a brief in support of their motion and documents in support of their motion.  After requesting and receiving extensions of time, on November 4, 2008, the plaintiff filed a brief in opposition and documents in opposition to the defendants' motion for summary judgment. The defendants have not filed a reply brief.

II. Summary Judgment Standard.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With

3

respect to an issue on which the nonmoving party bears the
burden of proof, the moving party may discharge that burden by
"'showing'-- that is, pointing out to the district court --
that there is an absence of evidence to support the nonmoving
party's case." *Id.* at 325.  Once the moving party has met its
burden, the nonmoving party may not rest upon the mere
allegations or denials of its pleading; rather, the nonmoving
party must "set out specific facts showing a genuine issue for
trial."  Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual
issue that will affect the outcome of the trial under governing
law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
"Only disputes over facts that might affect the outcome of the
suit under the governing law will properly preclude the entry
of summary judgment." *Id.*

Summary judgment is not appropriate when there is a
genuine dispute about a material fact. *Id.* at 248.  An issue of
fact is "'genuine' only if a reasonable jury, considering the
evidence presented, could find for the non-moving party."

4

*Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988).
"Where the record taken as a whole could not lead a rational
trier of fact to find for the non-moving party, there is no
'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v.
Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  "If the evidence
is merely colorable . . . or is not significantly probative . .
. summary judgment may be granted." *Anderson, supra,* 477 U.S.
at 249-50.  In determining whether a genuine issue of material
fact exists, the court must consider all evidence in the light
most favorable to the non-moving party.  *White v. Westinghouse
Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

     At the summary judgment stage, the judge's function is
not to weigh the evidence and determine the truth of the
matter, but is to determine whether there is a genuine issue
for trial. *Anderson, supra,* 477 U.S. at 249.  The proper
inquiry of the court in connection with a motion for summary
judgement "is the threshold inquiry of determining whether
there is the need for a trial - whether, in other words, there
are any genuine factual issues that properly can be resolved

only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

III. Discussion.

This is a 42 U.S.C. § 1983 action.  "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights,

6

privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  To establish a claim under § 1983, a plaintiff must establish both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law. See *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

     A.  Defendants Brennan and Conigliaro.

     Defendants Brennan and Conigliaro contend that they are entitled to summary judgment on all of the plaintiff's claims.[1]

---

[1] Although the defendants have moved for summary judgment, not all of their arguments are framed as summary judgment arguments.  Rather, the defendants confuse and mix summary judgment arguments with arguments that the complaint fails to state a claim upon which relief can be granted.

7

1. Cell Conditions.

Defendants Brennan and Conigliaro argue that they are entitled to summary judgment on the plaintiff's claim concerning his cell conditions because the plaintiff has failed to establish that they were personally involved in placing him in the cell or that they were responsible for the conditions of the cell.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).  Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  The defendants must be involved in the conduct which caused a violation of the plaintiff's constitutional rights.  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  A 42 U.S.C. § 1983 action against state supervisory officials requires evidence that the defendants actually participated in or had actual knowledge of and acquiesced in

8

the events forming the basis of the claims.  *See Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The plaintiff has presented evidence that defendant Brennan ordered that he be placed in A Block, which contained the cell at issue. *See Doc. 195* at 9.  The plaintiff has presented evidence that defendant Conigliaro escorted him to A Block. *See Doc. 195* at 10.  The plaintiff has also presented evidence the he presented numerous written requests to defendants Brennan and Conigliaro complaining about the conditions in the cell at issue. *See Doc. 195* at 15.

The plaintiff has presented evidence from which a reasonable trier of fact could conclude that defendants Brennan and Conigliaro actually participated in subjecting the plaintiff to the cell conditions or had actual knowledge of the cell conditions and acquiesced in the plaintiff being held in those condition.  Accordingly, defendants Brennan and Conigliaro are not entitled to summary judgment on the plaintiff's cell conditions claim based on lack of personal involvement.

2. Segregation.

The plaintiff claims that he was segregated from the general population, along with other inmates, based on his race.

Racial segregation of prisoners violates the Equal Protection Clause unless the government can demonstrate that its policy is narrowly tailored to serve a compelling state interest. *Johnson v. California,* 543 U.S. 499, 509 (2005).

Defendants Brennan and Conigliaro contend that they are entitled to summary judgment on the plaintiff's racial segregation claim because the plaintiff does not claim that they had any direct personal involvement in the alleged segregation.  However, as indicated above, the plaintiff has presented evidence that defendants Brennan and Conigliaro were personally involved in placing him the Cell Block at issue. Accordingly, defendants Brennan and Conigliaro are not entitled

to summary judgment on the racial segregation claim based on lack of personal involvement.

Defendants Brennan and Conigliaro contend that they are entitled to summary judgment on the plaintiff's racial segregation claim because the plaintiff can not support his allegation that he was housed with other minority inmates.  The defendants assert that the plaintiff was housed with three separate individuals - Ramsay Ramicus, William Bowie and Marvin Brossman.  Mr. Brossman was not African-American.  The defendants assert that the plaintiff has not presented evidence sufficient to establish that either Mr. Ramicus or Mr. Bowie were African-American.

The plaintiff was housed with Mr. Bossman when he was on B-Block at the SCCF.  The plaintiff's claim of racial segregation concerns the time that he was housed on A-Block at the SCCF.  Thus, Mr. Brossman's race is not relevant to the plaintiff's racial segregation claim.

The plaintiff has presented an affidavit from Mr. Bowie in which Mr. Bowie describes himself as African-American. *See 195-2* at 14.

The plaintiff testified at his deposition that he believes Mr. Ramicus is African-American. *See Doc. 195-2* at 11. He qualified that testimony by stating that he is not 100% sure but that Mr. Ramicus is "one of the darker complected individuals." *Id.*  The plaintiff explains in his brief that what he meant by that testimony was that he was not sure if Mr. Ramicus was full African-American. *See Doc. 195* at 1. Construing the evidence in the light most favorable to the plaintiff as the non-moving party, as we must when deciding a motion for summary judgment, we conclude that the plaintiff has presented evidence from which a reasonable fact finder could conclude that Mr. Ramicus is African-American.

Given that the plaintiff has presented evidence from which a reasonable factfinder could conclude that both Mr. Ramicus and Mr. Bowie are African-American, defendants Brennan and Conigliaro are not entitled to summary judgment on the

12

basis that the plaintiff can not support his allegation that he was housed with other minority inmates.

        3. Law Library.

     The plaintiff claims that the law library at the SCCF was inadequate.

     "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008).  In order to succeed on a claim of a denial of access to the courts an inmate must prove actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Actual injury is the loss of a non-frivolous claim that relates to a challenge, direct or collateral, to an inmate's  conviction or relates to a challenge to the conditions of confinement. *Id*. at 351-54.  The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).  "Where prisoners asset that defendants' actions have inhibited their opportunity to present

13

a past legal claim, they must show (1) that they suffered an 'actual injury' - that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe, supra,* 536 F.3d at 205 (quoting *Christopher, supra,* 536 U.S. at 415).

The plaintiff contends that the law library at SCCF did not contain, and the defendants did not provide him with, legal materials he needed to defend against institutional disciplinary proceedings.  "However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement."  *Monroe, supra,* 536 F.3d at 205.  A challenge to institutional disciplinary charges is not one of the types of cases which can form the basis of an access-to-the-courts claim.  Moreover, even *assuming arguendo* that such a challenge could form the basis of an access-to-the-courts claim, the plaintiff has failed to show that he had a non-frivolous or arguable defense to the disciplinary proceedings that he was

14

unable to present because of the alleged inadequate law library
at the SCCF.

The plaintiff also contends that that the law library
at SCCF did not contain, and the defendants did not provide him
with, legal materials he needed to challenge his sentence on
his criminal conviction from Susquehanna County.  Again,
however, the plaintiff has failed to establish that he had a
non-frivolous or arguable claim challenging his sentence that
he was unable to present because of the alleged inadequate law
library at the SCCF.

Because the plaintiff has failed to establish an actual
injury, it is recommended that defendants Brennan and
Conigliaro be granted summary judgment on the plaintiff's
access to the courts claim.

4. Mail.

The plaintiff contends that defendants Brennan and
Conigliaro opened outside his presence and failed to provide in

15

a timely manner a letter to the plaintiff from Tom Schlager, the Inspection Supervisor of the Pennsylvania Department of Corrections' Office of County Inspection and Services.  The letter is dated May 12, 2005. *See Doc. 195-4* at 4-5.  The letter was in response to a letter sent by the plaintiff regarding his conditions of confinement at the SCCF to the Pennsylvania Department of Health and forwarded by the Department of Health to the Department of Corrections. *Id.*  A copy of the letter to the plaintiff from Schlager was also sent to defendant Brennan and Robert Loomis, a Susquehanna County Commissioner and Chairperson of the Prison Board. *Id.*

The plaintiff testified at his deposition that he did not receive the letter until June 23, 2005 when he was escorted to the office shared by defendants Brennan and Conigliaro and handed the letter. *See Doc. 177-3* at 13-14, 20.  The plaintiff testified that he had inquired as to the disposition of the envelope in which the letter had been mailed and asked why he was just then being given the letter. *See Doc. 177-2* at 54.  He testified that defendants Brennan and Conigliaro responded that they did not know where the envelope was, that they just found

16

the letter in stacks of paper on their desk, and that they did
not know who had opened the letter. *Id.*

Defendants Brennan and Conigliaro argue that they are
entitled to summary judgment *inter alia* because the plaintiff
provides no evidence that he suffered any injury from the
withholding of a single piece of legal mail.  The plaintiff has
only established that a single piece of mail was opened outside
his presence and not delivered to him in a timely manner.
"However, a single instance of damaged or withheld mail does
not constitute a First Amendment violation." *Alexander v.
Gennarini,* 144 Fed.Appx. 924, 926 (3d Cir. 2005).  Accordingly,
it will be recommended that defendants Brennan and Conigliaro
be granted summary judgment on the plaintiff's mail claim.

5. Qualified Immunity.

Defendants Brennan and Conigliaro contend that they are
entitled to summary judgment based on qualified immunity.

A defendant has the burden to establish that he or she is entitled to qualified immunity. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004).

After briefly setting forth the law regarding qualified immunity, the sole argument of defendants Brennan and Conigliaro regarding qualified immunity is as follows:

> The individual defendants are entitled to immunity because they acted reasonably and in good faith fulfillment of their responsibilities.  Plaintiff has presented no evidence to the contrary.

*Doc. 177* at 19.   This conclusory argument does not satisfy the defendants' burden of establishing that they are entitled to qualified immunity.  Accordingly, we will not recommend that defendants Brennan and Conigliaro be granted summary judgment on the basis of qualified immunity.

B.  SCCF.

The SCCF is a building.  It is not a "person" within the meaning of 42 U.S.C. § 1983.  *See Meyers v. Schuylkill County Prison,* No. 4:CV-04-1123, 2006 WL 559467, at *8 (M.D.Pa.

18

Mar. 7, 2006)(McClure, J.)(holding that the Schuylkill County
Prison is not a "person" within the meaning of Section 1983).
Therefore, it will be recommended that the SCCF be dismissed
from this action.

     C.  Susquehanna County.

     Defendant Susquehanna County contends that it is
entitled to qualified immunity because the plaintiff has no
evidence of a policy of Susquehanna County which in any way
encourages the deprivation of constitutional rights of
prisoners.

     A municipality cannot be held liable for the
unconstitutional acts of its employees on a theory of
*respondeat superior*. *Monell v. Department of Social Servs.,* 436
U.S. 658, 691 (1978). "Rather, a municipality may be held
liable for the conduct of an individual employee or officer
only when that conduct implements an official policy or
practice." *Hill v. Borough of Kutztown,* 455 F.3d 225, 245 (3d
Cir. 2006).

> An individual's conduct implements official
> policy or practice under several types of
> circumstances, including when (1) the
> individual acted pursuant to formal government
> policy or a standard operating procedure long
> accepted within the government entity, (2) the
> individual himself has final policy-making
> authority such that his conduct represents
> official policy, or (3) a final policy-maker
> renders the individual's conduct official for
> liability purposes by having delegated to him
> authority to act or speak for the government,
> or by ratifying the conduct or speech after it
> has occurred.

*Id.* "There must be a 'direct causal link between the municipal
policy or custom and the alleged constitutional deprivation' to
ground municipal liability." *Jiminez v. All American
Rathskeller*, *Inc.,* 503 F.3d 247, 249 (3d Cir. 2007)(quoting
*City of Canton v. Harris,* 489 U.S. 378, 385 (1989)).  For an
official to have final policy-making authority sufficient to
bind the municipality by his conduct, the official must, as a
matter of state law, be responsible for making policy in the
particular area of municipal business in question and the
official's authority to make policy in that area must be final
and unreviewable. *Hill, supra,* 455 F.3d at 245. "The fact that
a particular official - even a policymaking official - has
discretion in the exercise of particular functions does not,

20

without more, give rise to municipal liability based on an
exercise of that discretion." *Pembaur v. City of Cincinnati,*
475 U.S. 469, 481-82 (1986). "The official must also be
responsible for establishing final government policy respecting
such activity before the municipality can be held liable." *Id.*
at 482-83.

The plaintiff contends that defendant Susquehanna
County failed to adequately train over half its staff in
violation of state regulations.  However, the plaintiff has not
shown how the alleged failure to train led to a violation of
his constitutional rights.

The plaintiff also contends that defendant Susquehanna
County had a policy that it will take disciplinary action
against prisoners even for actions that are allowed by the SCCF
handbook.  Again, however, the plaintiff has failed to connect
such an alleged policy to the alleged violations of his
constitutional rights at issue in this case.

The plaintiff also contends that defendant Susquehanna County has a policy of having no specific staff member maintain the law library.  However, as discussed above, the plaintiff has failed to establish that the alleged inadequate law library caused him an actual injury to his right of access to the courts.  Absent a violation of an underlying constitutional right, there can be no municipal liability.  *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

The plaintiff has not presented evidence of a municipal policy which led to the violation of his constitutional rights. Accordingly, defendant Susquehanna County is entitled to summary judgment.

IV. Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 172) for summary judgment be granted in part and denied in part.  It is recommended that defendant SCCF be dismissed from this action.  It is recommended that defendant Susquehanna County be granted summary judgment on all

22

of the plaintiff's claims.  It is recommended that defendants Brennan and Conigliaro be granted summary judgment on the plaintiff's access to the courts claim and the plaintiff's claim regarding his legal mail.  It is recommended that defendants Brennan and Conigliaro not be granted summary judgment on the plaintiff's claim regarding the conditions of his cell and the plaintiff's claim of racial segregation.  It is recommended that the case be listed for trial on the plaintiff's claim against defendants Brennan and Conigliaro regarding the conditions of his cell and the plaintiff's claim against defendants Brennan and Conigliaro of racial segregation.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: March 13, 2009.

23