IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY MEL ABUIZ, | : | |
| | : | |
| Plaintiff, | : | No. 4:06-CV-01603 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| WARDEN WILLIAM BRENNAN, | : | |
| et. al. | : | (Magistrate Judge Smyser) |
| | : | |
| Defendants. | : | |

**O R D E R**

May 28, 2009

**BACKGROUND:**

On August 16, 2006, plaintiff Timothy Mel Abuiz, a state prisoner currently residing at the Cape Vincent Correctional Facility in Cape Vincent, NY, proceeding pro se commenced this action by filing a complaint under 28 U.S.C. § 1331 based on events that took place while he was located at the Susquehanna County Correctional Facility (hereinafter "SCCF") in Montrose, PA. Plaintiff filed a second amended complaint on June 22, 2007. (Rec. Doc. No. 73). Although plaintiff filed the complaint under 28 U.S.C. §1331, the magistrate judge construed the complaint as if it had been brought under 42 U.S.C. § 1983, as the parties involved are state actors. Defendants are William Brennan, Nicholas Conigliaro,

1

Susquehanna County Correctional Facility, and Susquehanna County.  Plaintiff asserts that his constitutional rights were violated by the conditions of his cell (Count I), withheld legal mail (Count II), racial segregation (Count III), and denial of access to legal materials (Count IV).

The matter was referred to United States Magistrate Judge J. Andrew Smyser.  Discovery is completed, and defendants filed a Motion for Summary Judgment on July 3, 2008. (Rec. Doc. No. 172).  Defendants filed the supporting brief July 14, 2008.  (Rec. Doc. No. 175).  Plaintiff filed his opposing brief November 4, 2008.  (Rec. Doc. No. 195.  No reply brief was filed.

The magistrate judge filed a twenty-three-page report and recommendation on March 13, 2009. (Rec. Doc. No. 196).  The magistrate judge granted the motion for summary judgment in part and denied it in part.  The magistrate judge recommended that defendant SCCF be dismissed from the action.  The magistrate judge recommended that defendant Susquehanna County be granted summary judgment on all of plaintiff's claims.  Finally, the magistrate judge recommended that defendants Brennan and Conigliaro be granted summary judgment on Counts II and IV, and be denied summary judgment on Counts I and III.  Plaintiff was granted an extension within which to file his objections to the report and recommendation, and the objections were timely filed April 14, 2009.  (Rec. Doc.

No. 201).

Now, therefore, we will adopt the magistrate judge's report and recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L. R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Plaintiff did not object to the recommendation of the magistrate judge that SCCF be dismissed, or that defendants Brennan and Conigliaro be denied summary judgment on Counts I and III. We agree with the reasoning set forth in the report and recommendation, and for judicial economy, we will not rehash the sound reasoning of the magistrate judge. We adopt the recommendation that defendant SCCF be dismissed from the action. We also adopt the recommendation that defendants Brennan and Conigliaro be denied summary judgment on Counts I and III.

Plaintiff did object to the recommendation that Susquehanna County be granted summary judgment on all counts, and that Brennan and Conigliaro be granted summary judgment on Counts II and IV.

3

1. Susquehanna County

The magistrate judge found that Susquehanna County is entitled to qualified immunity. Plaintiff objected, asserting that Susquehanna County is not entitled to qualified immunity because of the county's failure to train its staff at SCCF. Plaintiff alleges that this failure to train resulted in the other constitutional violations at issue in his complaint.

"Municipal liability can be predicated upon a failure to train." Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005). "However, a municipality is only liable for failing to train when that failure amounts to 'deliberate indifference to the constitutional rights of persons. . .'" Id. at 325 (internal citations omitted). "Therefore, not all failures or lapses in training will support liability under § 1983." Id. "Moreover, the identified deficiency in the training program must be closely related to the ultimate constitutional injury." Id. "[A] plaintiff asserting a failure to train theory is required to prove that the deficiency in training actually caused the constitutional violation." Id. "Establishing municipal liability on a failure to train claim under § 1983 is difficult." Kline v. Mansfield, 255 Fed. Appx. 624, 629 (3d Cir. 2007) (non-precedential) (internal citations omitted). A failure to train claim ordinarily requires a pattern of violations. See id. It is possible to maintain a failure to train claim without showing a pattern, but the

4

burden on plaintiff in such a case is high. See id.

We do not find that plaintiff has set forth a failure to train claim. His claim is essentially that the failure to train resulted in his other constitutional complaints, i.e., his allegations of poor cell conditions and of racial segregation. But he does not identify what the deficiency is in the training program, other than to assert that he was subjected to possible constitutional violations. He has not alleged a pattern of violations, and he has not met the high burden of showing these two alleged constitutional violations were caused by a failure to train by the municipality.

We adopt the finding the magistrate judge and find Susquehanna County is entitled to qualified immunity.

2. Legal Mail

The magistrate judge recommended that Brennan and Conigliaro be granted summary judgment because a single instance of withheld mail does not constitute a First Amendment violation. Plaintiff, in his objections to the report and recommendation, asserts that in addition to the letter from the Pennsylvania Department of Corrections, three pieces of legal mail from the New York State Department of Corrections were opened before they were given to him.

"[S]tate prisoners, by virtue of their incarceration, do not forfeit their First Amendment right to the use of the mails. Jones v. Brown, 461 F.3d 353, 358 (3d

5

Cir. 2006) (internal citations omitted). "[A] pattern and practice of opening properly marked incoming legal mail outside an inmate's presence infringes communication protected by the right to free speech." Id. According to the SCCF procedures plaintiff received in discovery, "[i]ncoming mail from attorneys, courts, department of corrections personnel and other public officials shall be opened and examined for contraband in the presence of the addressee." (Rec. Doc. No. 201 at 11). We interpret this regulation to mean that letters from departments of corrections are included in the definition of "legal mail."

Although plaintiff in his objections to the report and recommendation alleged several instances of his legal mail being opened out of his presence, he has provided no evidence that more than one piece of legal mail was opened outside of his presence. The reference to three additional pieces of legal mail is untimely, no evidence of the same having been submitted to the magistrate judge. We will adopt the recommendation of the magistrate judge and grant summary judgment to the Brennan and Conigliaro on Count II.

3. Legal Library

The magistrate judge recommended that Brennan and Conigliaro be granted summary judgment on plaintiff's access to courts claim because plaintiff has not shown actual injury. Plaintiff, in his objections to the report and recommendation,

6

asserts that the legal library was inadequate such that plaintiff did not have the legal materials necessary to prepare for a disciplinary hearing, and because he did not have the legal materials necessary to challenge the conditions of his confinement.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (internal citations omitted). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." Id. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury" - - that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Id. "To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is more than mere hope, and it must describe the lost remedy." Id. at 205-206.

Regarding plaintiff's second assertion, that the legal library was inadequate because he could not challenge his conditions of confinement, we believe the

7

opposite. Plaintiff has not shown an actual injury, as he is currently able to bring his conditions of confinement claim, and also he has survived the 28 U.S.C. § 1915A screening on his conditions of confinement claim, and a motion for summary judgment. Clearly there can be no actual injury, because plaintiff has not lost the chance to bring this claim, and it is currently actionable.

As to plaintiff's first assertion, that he did not have the legal materials necessary to prepare for his disciplinary hearing, we agree with the magistrate judge that plaintiff did not show actual injury. Plaintiff has not shown that he lost a chance to present a defense to his hearing. The only allegation plaintiff has made is that the books were outdated or inadequate in some way. But he has not shown "more than a mere hope" that he had a defense to the disciplinary hearing. See Monroe 536 F.3d at 205-206. Therefore, we will grant Brennan and Conigliaro summary judgment on Count IV.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

  1. We adopt the magistrate judge's report and recommendation, in part, in so far as it is consistent with this opinion. (Rec. Doc. No. 196).

  2. Defendant Susquehanna County Correctional Facility is dismissed from the action.

3. Defendant Susquehanna County is granted summary judgment on all counts.

4. Defendants Brennan and Conigliaro are granted summary judgment on Counts II and IV.

5. Defendants Brennan and Conigliaro and are denied summary judgment on Counts I and III.

6. The case is remanded to the magistrate judge for further proceedings, consistent with this order.

        s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge